FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2006 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN RUOTOLO,

         Petitioner,      94 CV 5962 (SJ)
                    87 CR 0813 (SJ)

 -against-

                    **MEMORANDUM**
                    **AND ORDER**
UNITED STATES OF AMERICA,

         Respondent.
-------------------------------------------------------X

A P P E A R A N C E S:

CHERYL J. STURM, ESQ.
387 Ring Road
Chadds Ford, PA 19317
Attorney for Petitioner

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201
By: Peter Norling, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

   Presently before the Court is a Motion for Return of Property Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure (the "Rule 41(e) Motion"), brought by John Ruotolo ("Petitioner"). For the reasons stated herein, the Court construes Petitioner's Rule 41(e) Motion as a new civil complaint. If Petitioner wishes to pursue this action, the Court ORDERS Petitioner to (1) submit to the Clerk of the Court, or

1

express in writing his intent to submit, the local filing fee within 60 days of the date of entry of this order, or (2) apply to proceed *in forma pauperis* within 60 days of the date of entry of this order. If no action is taken within the designated time, the Court will dismiss the Rule 41(e) Motion without prejudice.

## BACKGROUND

Petitioner was convicted in 1991, after a jury trial, of conspiracy to import heroin, in violation of 21 U.S.C. § 963, and two counts of importation of heroin, in violation of 21 U.S.C. § 952. (See Docket No. 87 CR 813, Entry 3.) On January 14, 1994, the Honorable Thomas C. Platt of the United States District Court for the Eastern District of New York sentenced Petitioner principally to three consecutive 10-year terms of imprisonment and a lifetime of special parole. After sentencing, the case was reassigned to this Court. Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit (the "Second Circuit"); his appeal was denied on January 8, 2003. See United States v. Ruotolo, 57 F. App'x. 882 (2d Cir. 2003).

Following the denial of his direct appeal, Petitioner moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), on April 14, 1994. (See Docket No. 94 CV 5962, Entry 1.) This Court denied the § 2255 Motion on November 12, 1996, see Docket No. 94 CV 5962, Entry 17, and Petitioner appealed to the Second Circuit. The Second Circuit affirmed this Court's decision on

2

January 27, 1998. Ruotolo v. United States, No. 96-2938, 1998 U.S. App. LEXIS 1218, at *1 (2d Cir. 1998).

On August 12, 1999, Petitioner, through counsel, filed the Rule 41(e)[1] Motion. (See Docket No. 94 CV 5962, Entry 27.) In that motion, Petitioner asserts that he is entitled to the return of both a gun and a coin collection seized by agents of the Drug Enforcement Administration during his March 1988 arrest or, alternatively, a sum of $145,000. (Rule 41(e) Mot. at 8.) Although the Rule 41(e) Motion bore the docket number for Petitioner's criminal case, the motion was inadvertently docketed to Petitioner's habeas case. At the time the Rule 41(e) Motion was filed, both Petitioner's criminal and habeas cases were closed.

By way of a submission entitled "Motion to Have Motion Filed Pursuant to F. R. Crim. P. 41(e) (Now 41(g)) Treated as Civil Equitable Proceeding," dated June 7, 2005, as well as various supplemental letters to the Court, Petitioner requested that the Court docket the Rule 41(e) Motion to the criminal case, and treat the Rule 41(e)

---

[1] At the time of Petitioner's request, Rule 41(g) was designated as Rule 41(e). The current rule, which did not substantively change from its earlier version, see Adeleke v. United States, 355 F.3d 144, 146 n.1 (2d Cir. 2004), provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Given that the Court declines to consider the substance of Petitioner's motion, the Court will refer to this rule by its former designation (Rule 41(e)) to ensure consistency with the titles of the pleadings referenced herein.

3

Motion as a new civil complaint, in accordance with Amadi v. United States, 220 F.R.D. 190, 192 (N.D.N.Y. 2004). (Docket No. 94 CV 5962, Entry 28.)

## DISCUSSION

As noted by Petitioner, Amadi provides that "the district where a defendant is tried has ancillary jurisdiction to decide a defendant's post-trial motion for the return of seized property, and that where no criminal proceedings against the movant are pending, a motion for the return of property is treated as a civil equitable proceeding even if styled as being made pursuant to Rule 41(e)." Amadi, 220 F.R.D. at 192 (citing Soviero v. United States, 967 F.2d 791, 792-93 (2d Cir. 1992) (other citations omitted). However, neither Amadi nor any other relevant case or statute reviewed by this Court requires it to consider the merits of a newly-construed civil complaint, absent a movant's compliance with local filing requirements. These filing requirements include, most notably, payment of a filing fee or an application to obtain *in forma pauperis* ("IFP") status.

In Amadi, and in a significant number of the supporting cases cited therein, courts did indeed construe Rule 41(e) motions as civil complaints and proceeded to assess the merits of the movants' claims. However, Petitioner fails to note that these cases involved movants that either proceeded *pro se* and/or obtained IFP status. See e.g., Soviero, 967 F.2d 791 (*pro se* and IFP movant); Mora v. United States, 955 F.2d

4

156 (2d Cir. 1992) (same); Toure v. United States, 24 F.3d 444 (2d Cir. 1994) (*pro se* movant); Rufu v. United States, 20 F.3d 63 (2d Cir. 1994) (same); Onwubiko v. United States, 969 F.2d 1392 (2d Cir. 1992) (same); but see United States v. Giovanelli, 998 F.2d 116 (2d Cir. 1993) (construing movant's Rule 41(e) motion as a civil complaint and considering the motion on the merits).

*Pro se* and IFP designations provide the Court with additional latitude to assist litigants, through the local *Pro Se* Office, with procedural requirements such as filing and serving a civil complaint. These services allow defendants who have opted not to retain or who cannot afford counsel to bring claims without bearing additional financial burdens. Because Petitioner is represented by retained counsel and has not demonstrated indigence, the Court need not confer the benefits of *pro se* and IFP status to Petitioner in the first instance. Specifically, the Court is not required to absorb the costs of construing the Rule 41(e) Motion as a new civil complaint when such costs can, and arguably should, lie with Petitioner. See Lavin v. United States, 299 F.3d 123, 126 (2d Cir. 2002) (noting that the district court, after construing defendant's Rule 41(e) motion as a new civil action, dismissed the action because defendant did not pay filing fee or file the IFP fee waiver application); Oyekoya v. United States, 108 F. Supp. 2d 315, 317 (S.D.N.Y. 2000) (issuing an order construing defendant's Rule 41(e) motion as a new civil action and directing Oyekoya to submit the requisite filing fee or apply to proceed IFP).

P-049

In light of the above, the Court will construe the pending Rule 41(e) Motion as a new civil complaint, but will neither consider the merits of the complaint nor conduct further proceedings until Petitioner either pays the required local filing fee or submits an application to proceed IFP.

## CONCLUSION

For the reasons stated herein, the Court construes Petitioner's Rule 41(e) Motion as a new civil action. If he wishes to pursue this action, Petitioner is hereby ORDERED to (1) submit, or express in writing his intent to submit, the requisite local filing fee of $350.00 within 60 days of the date of entry of this order, or (2) apply to proceed *in forma pauperis* within 60 days of the date of entry of this order.

Upon submission of the local filing fee or approval of the IFP application, the Clerk of the Court is directed to assign a new civil docket number to the Rule 41(e) Motion, currently located at Docket No. 94 CV 5962, Entry 27.

If no action is taken within the designated time, the Court will dismiss the Rule 41(e) Motion without prejudice.

SO ORDERED.

Dated: June 3, 2006
Brooklyn, New York

s/SJ
_____
Senior U.S.D.J.

P-049